UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
GAETANA BRENNAN and : Civil Action No.
ANTOINETTE CEGLIE,
: **COMPLAINT**
         Plaintiffs,
: **JURY TRIAL DEMANDED**
   - *against* -
:
NICOLA CEGLIE, MORGAN
STANLEY & CO. LLC and :
WELLS FARGO BANK, N.A.,
:
         Defendants.
---------------------------------------------------------------x

Plaintiffs GAETANA BRENNAN and ANTOINETTE CEGLIE, by their attorneys, The Law Office of Richard A. Dubi, P.C., alleges as follows for their Complaint:

## PRELIMINARY STATEMENT

1.    This is a civil action arising from the forged endorsements by defendant NICOLA CEGLIE, on checks drawn against defendant MORGAN STANLEY & CO. LLC ("MORGAN STANLEY") as drawee bank, and paid by WELLS FARGO BANK, N.A. ("WELLS FARGO") as depositary bank.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to applicable New York law, including but not necessarily limited to the provisions of the New York Uniform Commercial Code, Articles 3 and 4, and applicable common law.

3.    Jurisdiction is founded upon 28 U.S.C. § 1332, based upon diversity of citizenship and the amount in controversy exceeds $75,000.00.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

1

## PARTIES

5. Plaintiff GAETANA BRENNAN resides in 467 Silver Oak Drive, Dallas, Texas 30132.

6. Plaintiff ANTOINETTE CEGLIE resides in 267 Boulder Run, Hiram. Georgia 30141.

7. Upon information and belief, Defendant NICOLA CEGLIE is the plaintiffs' father, and resides in the Borough of Bronx, City and State of New York.

8. Upon information and belief, Defendant MORGAN STANLEY is a national banking association organized under the laws of the United States, with a principal place of business located in Maryland, and MORGAN STANLEY maintains numerous offices in the New York City metropolitan region and throughout the State of New York, for the purpose of engaging in banking transactions with personal and commercial customers, and regularly transacts business in the State of New York.

9. Upon information and belief, Defendant WELLS FARGO is a national banking association organized under the laws of the United States, with a principal place of business located in South Dakota, and maintains numerous offices in the New York City metropolitan region and throughout the State of New York, for the purpose of engaging in banking transactions with personal and commercial customers, and regularly transacts business in the State of New York.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. At all times relevant to the issues herein, Plaintiffs GAETANA BRENNAN and ANTOINETTE CEGLIE were joint tenants with Defendant NICOLA CEGLIE as to certain

MORGAN STANLEY accounts at the said Defendant's branch office located at 1300 Thames Street Wharf, 4th Floor, Baltimore, Maryland 21231.

11. One account was in the names of NICOLA CEGLIE and ANTOINETTE M. CEGLIE, as joint tenants, having MORGAN STANLEY account no. 433-129821-273.

12. A second account was in the names of NICOLA CEGLIE and GAETANA BRENNAN, as joint tenants, having MORGAN STANLEY account no. 433-129941-273.

### I. The August 2015 Forgery

13. Upon information and belief, on or about August 13, 2015, without the knowledge or consent of the Plaintiffs, or either of them, Defendant NICOLA CEGLIE caused to be issued a check numbered 903493550, in the sum of $81,146.51, payable to himself and to Plaintiff GAETANA BRENNAN, from the MORGAN STANLEY account jointly held with Plaintiff GAETANA BRENNAN.

14. No less than one-half of the amount of the aforesaid check belonged to Plaintiff GAETANA BRENNAN.

15. Plaintiff GAETANA BRENNAN did not authorize Defendant NICOLA CEGLIE to issue the aforesaid check.

16. Upon information and belief, shortly after issuing the aforesaid check, Defendant NICOLA CEGLIE forged the name of GAETANA BRENNAN as an endorsement thereon.

17. Plaintiff GAETANA BRENNAN did not authorize Defendant NICOLA CEGLIE to sign her name, to endorse the said check, or to take possession of the aforesaid monies.

### II. The January 2016 Forgery (Gaetana)

18. Upon information and belief, on or about January 14, 2016, without the knowledge or consent of the Plaintiffs, or either of them, Defendant NICOLA CEGLIE caused to

be issued a check numbered 903828611, in the sum of $97,785.52, payable to himself and to Plaintiff GAETANA BRENNAN, from the MORGAN STANLEY account jointly held with Plaintiff GAETANA BRENNAN.

19. No less than one-half of the amount of the aforesaid check belonged to Plaintiff GAETANA BRENNAN.

20. Plaintiff GAETANA BRENNAN did not authorize Defendant NICOLA CEGLIE to issue the aforesaid check.

21. Upon information and belief, shortly after issuing the aforesaid check, Defendant NICOLA CEGLIE forged the name of GAETANA BRENNAN as an endorsement thereon.

22. Plaintiff GAETANA BRENNAN did not authorize Defendant NICOLA CEGLIE to sign her name, to endorse the said check, or to take possession of the aforesaid monies.

### III. The January 2016 Forgery (Antoinette)

23. Upon information and belief, on or about January 14, 2016, without the knowledge or consent of the Plaintiffs, or either of them, Defendant NICOLA CEGLIE caused to be issued a check numbered 903828380, in the sum of $77,902.17, payable to himself and to Plaintiff ANTOINETTE M. CEGLIE.

24. No less than one-half of the amount of the aforesaid check belonged to Plaintiff ANTOINETTE M. CEGLIE.

25. Plaintiff ANTOINETTE M. CEGLIE did not authorize Defendant NICOLA CEGLIE to issue the aforesaid check.

26. Upon information and belief, shortly after issuing the aforesaid check, Defendant NICOLA CEGLIE forged the name of ANTOINETTE M. CEGLIE as an endorsement thereon.

4

27. Plaintiff ANTOINETTE M. CEGLIE did not authorize Defendant NICOLA CEGLIE to sign her name, to endorse the said check, or to take possession of the aforesaid monies.

## IV. The Deposit and Clearance of Each Check

28. Upon information and belief, shortly after issuing, and forging the Plaintiffs' signatures on, each of the aforesaid checks, Defendant NICOLA CEGLIE deposited the same in an account held in his name at Defendant WELLS FARGO, account no. 2079920001383.

29. Upon information and belief, defendant WELLS FARGO accepted the aforesaid checks without taking any steps to ensure the authenticity of the endorsements thereon, and without the knowledge or consent of the Plaintiffs, or either of them.

30. Upon information and belief, defendant WELLS FARGO presented each of the aforesaid checks to defendant MORGAN STANLEY for collection.

31. Upon information and belief, defendant MORGAN STANLEY accepted and paid on the aforesaid checks without taking any steps to ensure the authenticity of the endorsements thereon, and without the knowledge or consent of the Plaintiffs, or either of them.

32. Upon information and belief, Defendants WELLS FARGO and MORGAN STANLEY violated their duties of ordinary care and good faith under Article 3 of the New York Uniform Commercial Code (including specifically §3-404, §3-405 and §3-406).

33. Upon information and belief, Defendants WELLS FARGO and MORGAN STANLEY, or either of them, breached their respective warranties of presentment under Articles 3 and 4 of the New York Uniform Commercial Code (including specifically §3-417 and §4-208).

34. Upon information and belief, Defendants WELLS FARGO and MORGAN STANLEY, or either of them, are strictly liable to the Plaintiffs for the Plaintiffs' losses as

aforesaid, under Articles 3 and 4 of the New York Uniform Commercial Code (including specifically §3-403 and §4-401).

35. Upon information and belief, Defendants WELLS FARGO and MORGAN STANLEY, or either of them, are liable to the Plaintiffs under New York common law for breach of contract, breach of warranty, negligence, negligent hiring and/or negligent retention of employees.

### FIRST CAUSE OF ACTION
### (Against Defendant NICOLA CEGLIE)

36. The Plaintiffs incorporate the preceding allegations hereof by reference, with the same force and effect as though fully set forth herein at length.

37. Defendant NICOLA CEGLIE stole and converted to his own use the Plaintiffs' funds, as aforesaid.

38. Upon discovering the aforesaid forgery and conversion, the Plaintiffs duly demanded the return of the aforesaid sums from Defendant NICOLA CEGLIE.

39. Defendant NICOLA CEGLIE has failed, neglected and refused to return to the Plaintiffs the aforesaid sums.

40. The Plaintiffs have been damaged in a sum to be proven but upon information and belief, no less than one-half of the amount of each of the aforesaid forged checks.

### SECOND CAUSE OF ACTION
### (Against Defendant MORGAN STANLEY)

41. The Plaintiffs incorporate the preceding allegations hereof by reference, with the same force and effect as though fully set forth herein at length.

42. Upon information and belief, the Plaintiffs deposited monies with defendant MORGAN STANLEY under the customary rules and regulations applicable to banking institutions.

43. Upon information and belief, Defendant MORGAN STANLEY promised among other things to pay sums of money upon the Plaintiffs' demands, and to honor the Plaintiffs' checks only in accordance with the Plaintiffs' orders.

44. Upon information and belief, the Plaintiffs duly performed all the terms and conditions of their agreements with Defendant MORGAN STANLEY.

45. Upon information and belief, Defendant MORGAN STANLEY was negligent and careless as follows: in cashing the aforesaid checks; in cashing the aforesaid checks over forged endorsements; in cashing the aforesaid checks without obtaining identification; in cashing the aforesaid checks without checking the identification of the presenter of the aforesaid checks; in failing to properly and/or adequately check the identification of the presenter of the checks; in failing to ascertain that the endorsements on the checks were forgeries; in hiring personnel; in training personnel; in failing to properly and adequately train personnel; in failing to enforce generally accepted banking policies and procedures; in failing to follow and/or enforce its own policies and/or procedures; and in general failing to use that degree of care and caution warranted under all the circumstances.

46. As a result of the foregoing, the Plaintiffs each sustained monetary losses in a sum equal to no less than one-half of each of the respective forged checks payable to the Plaintiffs and to NICOLA CEGLIE.

47. Upon information and belief, Defendant MORGAN STANLEY breached its warranty to the Plaintiffs as its customers not to honor a forged endorsement.

48. Upon information and belief, Defendant MORGAN STANLEY breached its contract with the Plaintiffs as its customers to safeguard and preserve their funds.

49. Upon information and belief, Defendant MORGAN STANLEY breached its duty of ordinary care in the performance of its obligations as a banking organization.

50. Upon information and belief, promptly after discovering the aforesaid forgery and conversion, the Plaintiffs duly notified Defendant MORGAN STANLEY concerning the forged endorsements, and duly demanded that the sum of money unlawfully charged against their accounts be returned to them.

51. Defendant MORGAN STANLEY wrongfully refused to make such restitution to the plaintiffs.

52. The Plaintiffs have been damaged in a sum to be proved but upon information and belief, no less than one-half of the amount of each of the aforesaid forged checks.

## THIRD CAUSE OF ACTION
### (Against Defendant WELLS FARGO)

53. The Plaintiffs incorporate the preceding allegations hereof by reference, with the same force and effect as though fully set forth herein at length.

54. Upon information and belief, Defendant WELLS FARGO breached its duty not to pay on a forged instrument.

55. Upon information and belief, in accepting the subject matter forged checks, Defendant WELLS FARGO violated its most basic obligations as a depositary bank by failing to observe its own procedures, customary banking practice, and regulatory requirements.

56. Upon information and belief, as a depositary, Defendant WELLS FARGO was the first line of defense to combat forged endorsements and had a duty to protect all parties in the chain of collection, including the drawers of checks and more particularly, the Plaintiffs herein.

8

57. Upon information and belief, in presenting the aforesaid checks bearing the Plaintiffs' forged signatures to MORGAN STANLEY, Defendant WELLS FARGO breached its warranty that the checks did not bear forged or unauthorized endorsements, resulting in losses to the Plaintiffs.

58. Upon information and belief, Defendant WELLS FARGO was negligent and careless as follows: in cashing the aforesaid checks; in cashing the aforesaid checks over forged endorsements; in cashing the aforesaid checks without obtaining identification; in cashing the aforesaid checks without checking the identification of the presenter of the aforesaid checks; in failing to properly and/or adequately check the identification of the presenter of the checks; in failing to ascertain that the endorsements on the checks were forgeries; in hiring personnel; in training personnel; in failing to properly and adequately train personnel; in failing to enforce generally accepted banking policies and procedures; in failing to follow and/or enforce its own policies and/or procedures; and in general failing to use that degree of care and caution warranted under all the circumstances.

59. Promptly after discovering the aforesaid forgery and conversion, the Plaintiffs duly notified Defendant WELLS FARGO concerning the forged endorsements, and duly demanded that the sums of money unlawfully charged against their accounts be returned to them.

60. Defendant WELLS FARGO wrongfully refused to make such restitution.

61. The Plaintiffs have been damaged in a sum to be proven but upon information and belief, no less than one-half of the amount of each of the aforesaid forged checks.

**WHEREFORE**, the Plaintiffs requests the following relief as against the Defendants, jointly and severally:

1. An award of compensatory damages in an amount to be determined at trial;

2. Disbursements, costs, and attorneys' fees pursuant to agreement and/or applicable law; and

3. Such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
April 26, 2018

**THE LAW OFFICE OF RICHARD A. DUBI, P.C.**
*Attorney for the Plaintiffs*

By: s/
Richard A. Dubi, Esq. (RD-3285)
666 Old Country Rd., Ste. 900
Garden City, NY 11530
Tel. (516) 640-4200
Fax (516) 745-0844
e-mail: RDubi@DubiLaw.com